In the Matter of the Estate of ARDITH P. DREWES, Deceased.

Surrogate's Court, Erie County, December 10, 1954.

*Robert W. Marshlow* for Ruth M. Steck, as administratrix of the estate of Ardith P. Drewes, deceased, petitioner.

*Gordon M. Brown* for Edward L. Drewes, respondent.

YEAGER, S. This is an application by Ruth M. Steck, administratrix of the estate of Ardith P. Drewes, for an order to sell real property, pursuant to article 13 of the Surrogate's Court Act, and for a determination that Edward L. Drewes, respondent and husband of decedent, may not inherit from her.

Ardith P. Drewes died on December 25, 1952. Edward L. Drewes was convicted of manslaughter in the second degree for her death.

The petitioner's position is that the said Edward L. Drewes is not entitled to share in the estate of the decedent. The respondent contends that distribution is covered by section 83 of the Decedent Estate Law and that the decisions of New York courts, where a similar question has been raised, are limited to cases involving a conviction of murder, or of manslaughter in the first degree.

*Riggs* v. *Palmer* (115 N. Y. 506) is the leading authority in this State on the general problem. The Court of Appeals held therein that one who murders another shall not acquire property from the latter's estate either as legatee or heir.

The question presented here is whether conviction of manslaughter in the second degree bars the party, convicted of causing the death, from inheriting from deceased. Neither manslaughter in the first degree nor manslaughter in the second degree embrace a design to effect death.

In *Matter of Sparks* (172 Misc. 642, 644), a proceeding in which a husband, convicted of manslaughter in the first degree for the death of his wife, was barred from inheritance, Surro-

gate DELEHANTY of New York County succinctly described the alternatives as follows: "The present case shows that where a deceased person died intestate it is necessary to hold either that the killer may claim the intestate property for his own account or that he can acquire neither legal nor equitable title in it."

I hold that it would be contrary to the law and public policy of the State of New York to allow the said Edward L. Drewes to benefit from the homicide of which he was convicted. The relief sought in the petition is granted.

A decree may be submitted accordingly.