No. 12014

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

MARIE SIKORA,

Plaintiff and Appellant,

-vs-

ALOIS F. SIKORA, ANNE WILBUR, FRANCES ZELIBOR
and DOLORES McCLURE,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
Hon. Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Grant and Heard, Columbus, Montana.
Richard Heard argued, Columbus, Montana.
Sandall, Moses and Cavan, Billings, Montana.
Charles F. Moses argued, Billings, Montana.

For Respondents:

William R. Morse argued, Absarokee, Montana.
Scott, Scott and Baugh, Billings, Montana.

---

Submitted: April 19, 1972

Decided: JUL 2 6 1972

Filed: JUL 2 6 1972

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by plaintiff-appellant, Marie Sikora, from a summary judgment and denial of motion to amend or alter judgment in a heirship proceeding. Marie Sikora filed a complaint alleging her sole heirship to the decedent, Rudolph J. Sikora, her husband, in the district court of Stillwater County. District Judge Robert H. Wilson in an order signed November 18, 1970, and the judgment entered on November 20, 1970, ruled against Mrs. Sikora, imposing a constructive trust upon the property she claimed. The basis of the holding is the holding of the court that Mrs. Sikora had feloniously killed her husband, and therefore could not share in his estate.

The following facts are taken from the record: Mrs. Sikora shot and killed her husband shortly after 8:00 a.m. on June 27, 1969. At the time of the shooting Mrs. Sikora was living with her mother as a result of continuing marital difficulties with her husband. On the day of the shooting Mrs. Sikora drove to the family home in Absarokee, Montana, allegedly summoned there by her husband. She took with her a loaded .38 caliber pistol which she had purchased two days earlier. Upon arriving at the house she remained in her car and engaged the decedent in an argument. After a few minutes she drove off at a high rate of speed. Returning a few minutes later to the house she shot her husband three times, killing him.

First degree murder charges were filed against Mrs. Sikora as a result of the shooting incident. This charge was later reduced to voluntary manslaughter. On February 26, 1970, at a hearing before Judge Wilson in Stillwater County, Mrs. Sikora pled guilty to the charge. Judge Wilson on March 10, 1970,

sentenced Mrs. Sikora to five years imprisonment. The execution of the sentence was suspended and she was placed on probation.

A petition for letters of administration was filed by Dolores McClure, a niece of the decedent, in the decedent's estate on August 4, 1969. Mrs. McClure is one of the respondents in this appeal. She was appointed administratrix of the estate on August 19, 1969.

Marie Sikora filed a complaint in the probate proceeding on March 20, 1970, alleging that she was the sole heir of Rudolph Sikora and asked the court to determine heirship. The respondents, Mrs. McClure, Alois F. Sikora, Mrs. Anne Wilbur and Mrs. Frances Zelibor, filed an answer on April 6, 1969 asserting the affirmative defense that Mrs. Sikora should not share in the estate as she had, "wrongfully, intentionally, willingly and feloniously killed her husband."

Counsel for Mrs. Sikora moved for a summary judgment in the case stating: "That there is no issue of fact in this case that requires resolution or determination by the Court or jury and that the determination of this case is a matter of law only." The motion was filed on October 8, 1970, and the respondents cross-filed for summary judgment in their own behalf on October 13, 1970. It was upon this cross-motion that Judge Wilson entered his order and judgment, and from which this appeal was taken.

The controlling issue raised in this appeal is whether a surviving widow, who has pled guilty to the voluntary manslaughter of her husband, can share in his estate by operation of the laws of joint tenancy, intestate succession, and dower. Several collateral issues were raised on appeal by counsel for Mrs. Sikora, such as whether or not this was a proper case for summary judgment

and whether it was proper for Judge Wilson to use the plea of guilty of Mrs. Sikora as the only evidence of the fact that she killed her husband.

The question of whether Mrs. Sikora may by right of survivorship take property owned jointly by her husband and herself has already been settled in Montana. This Court held in the Estate of Bess I. Cox, 141 Mont. 583, 380 P.2d 584 (1963), that a joint tenant, who had intentionally and wrongfully killed another joint tenant, was not entitled to the survivorship share in the property. As a remedy in this type of situation we held that a constructive trust would be imposed on the property for the benefit of the heirs of the deceased joint tenant. We based this decision on the equitable principle that a wrongdoer may not benefit from his wrongful acts. Section 49-109, R.C.M. 1947. This same principle holds true in this case. The laws governing joint tenancy will not be given a strict construction where the demands of justice and public policy demand another. Therefore we hold that Mrs. Sikora will not take that share of the joint property owned by her husband because of her unlawful act of killing him and the court below was correct in imposing a constructive trust on that property for the benefit of the respondents.

The same considerations which led us to reach the decision in Cox as well as the decision above are applicable to our decision concerning the property Mrs. Sikora would take by intestate succession and dower. At least two other jurisdictions hold that persons convicted of a willful homicide cannot share in the estate of their victim. The superior court of New Jersey held in a case, where a man had murdered his wife, he would not be allowed

- 4 -

to share in her estate because of the unconscionable method he had used to acquire the property. Estate of Kalfus, 81 N.J.Super. 435, 195 A.2d 903 (1963). The New Jersey court in that case used as a remedy a constructive trust to transfer the property to the children of the murdered wife. New York has also held that a person convicted of manslaughter of any degree will not be allowed to profit from the estate of his victim. In re Sparks' Estate, 172 Misc. 642, 15 N.Y.S2d 926 (1939); In re Drewes' Estate, 206 Misc. 940, 136 N.Y.S.2d 72 (1954). The reasoning in these cases coupled with Cox led us to reach the same conclusion. It would seem strange law indeed to make a construction of a statute which would allow a wrongdoer to benefit from his own wrongful act. We reiterate the statement in Cox, at page 590, that it would be unthinkable that our legislature contemplated giving the fruits of his crime to one who commits a homicide, and therefore we find it inherent in the statutes dealing with succession that they be subject to the reservation that a felonious killer shall not benefit by his own wrong.

In their brief the counsel for Mrs. Sikora argue that to make such a decision is to do violence to the Montana statute concerning forfeitures of estates for conviction of a crime. Section 94-4725, R.C.M. 1947. The assertion is also made that such a decision violates Art. III, Sec. 9 of the Montana Constitution. This Court finds little merit in these arguments. The court below imposed upon Mrs. Sikora's property a constructive trust. The New Jersey court in Neiman v. Hurff, 11 N.J. 55, 93 A.2d 345, 347 (1952), addressing itself to the corruption of blood issue and the use of the constructive trust held that:

> "This doctrine (constructive trust) is so con-
> sistent with the equitable principles that have

- 5 -

> obtained here for centuries that we have no
> hesitancy in applying it, and we find no merit
> at all in the defendant's argument that the
> decision below works a corruption of blood or
> a forfeiture of estate. It would be a strange
> system of jurisprudence that would be able to
> grant relief against many kinds of accidents,
> mistake and fraud, by compelling a defendant
> to act as constructive trustee with respect to
> property vouchsafed him by the common law, and
> yet be unable similarly to touch the legal
> rights of a defendant who sought to profit by
> a heinous crime."

This leaves the remaining issue of whether Mrs. Sikora has dower rights in the real property owned by her decedent husband. In Kalfus, at page 906, the New Jersey Court held that the husband had a legal right to his curtesy interest, but because of his murderous act he would be made the constructive trustee of the property. The Arkansas Supreme Court in Horn v. Cole, 203 Ark. 361, 156 S.W.2d 787, 790 (1941), held that a woman would have no dower rights in the proceeds of a life insurance policy because she could not take directly as a beneficiary as the result of killing her husband and she would not be allowed to take indirectly by the operation of her dower interest. It would create a great inconsistency in this area of the law to hold that Mrs. Sikora could not take by intestate succession directly because of her conduct, to then allow her to take indirectly by dower.

The question of whether this was a proper case for summary judgment was also raised by Mrs. Sikora's counsel. At the outset we would like to point out it was plaintiff's counsel who first moved for a summary judgment asserting there were no factual issues to be decided and that the case was a matter of law only. It was upon this motion that the respondents cross-moved for a summary judgment in their favor. Be that as it may, the issue of

fact that counsel argues needs to be determined is whether or not the respondents are in fact heirs of the decedent. In reviewing the record we find that fact has already been established. Mrs. Sikora in her complaint filed March 20, 1970, in paragraph II alleged the family relationship between Alois Sikora, Anne Wilbur, Frances Zelibor, Dolores McClure, and the decedent. In the answer filed by the above-named people, that portion of paragraph II was admitted, therefore under our rules of civil procedure the statement will be taken as true and no further proof is needed for it. Rule 8(d), M.R.Civ.P. Taking that fact and applying section 91-403(3), R.C.M. 1947, the respondents are heirs of the decedent. We conclude from the record that there were no issues of fact to be decided and the case was a proper one for disposition by summary judgment.

The last issue raised by Mrs. Sikora was the use of her plea of guilty to the charge of manslaughter as the basis for Judge Wilson's decision she had feloniously killed her husband. Her counsel argues that such a plea cannot be used as conclusive proof of these facts. While it is true it cannot be used as conclusive proof it was not improper for Judge Wilson to make use of it. The rule is that the plea of guilty in a criminal matter may be admitted in a subsequent civil action as an admission against interest of the party making the plea. 3 Jones on Evidence, 5th Ed., sec. 639, p. 1219 (1958). AnIllinois decision, Smith v. Andrews, 5 Ill.App.2d 51, 203 N.E.2d 160, 164 (1964), held on this issue that:

> "The evidence of this admission would be sufficient, especially when uncontradicted, to support the finding that the defendant had in fact committed a robbery."

There is nothing in the record to indicate that at any time Mrs. Sikora denied killing her husband. Under Cox, at page 586, the

probate judge has the power to determine the circumstances of the death of the decedent. It is logical to assume Judge Wilson took judicial notice of the plea of guilty and determined as a matter of law that Mrs. Sikora had feloniously killed her husband. Under section 93-501-1(2), R.C.M. 1947, Judge Wilson could properly take notice of the conviction as being established by law.

In connection with the judge taking judicial notice of the conviction the counsel for Mrs. Sikora argued that he should have taken into account the complete record. We see little merit in this contention. We cannot see what difference it makes to the determination if the entire record of the criminal proceeding is considered or not. Also there is nothing to indicate that the complete record of the criminal proceeding was not considered by Judge Wilson. He was the presiding judge in the criminal matter and the time period between the plea of guilty and the probate proceeding was not so great that he could not recall the criminal case from his own memory.

The judgment of the district court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

Associate Justices

- 8 -