MR. JUSTICE CASTLES,
(dissenting in part and concurring in part):
I concur in striking the name of Dorothy Ahrens from the judgment. I also concur in affirming the judgment on the crossappeal of Vernon Sedlacek.
I dissent to the affirmance of the judgment against Edward Ahrens. The majority opinion holds the basis for liability as being negligent entrustment of a motor bike by the parent to a person disqualified from operating it on a public highway. In my view, the district court’s conclusion relied upon by the majority is not a conclusion of negligent entrustment but rather one of vicarious liability.
The majority reasons that: Since Clayton was under thirteen years of age and was legally incapable of obtaining a driver’s license, he was incompetent as a matter of law from operating a motor vehicle and the Ahrens should have known such fact. However, when this statute is viewed together with section 31-125(a), R.C.M. 1947, which forbids the operation of a motor vehicle without a license “upon a highway in this state”, it can be readily seen that the law declares a person under thirteen to be incompetent only for the purpose of driving upon a highway. There is no law in Montana which prevents any unlicensed person from operating a motor vehicle upon private real property. It is common knowledge that children raised ■on Montana farms begin to drive motor vehicles and farm implements on and about the farm at an early age. The Ahrens’ permission and knowledge of Clayton’s use of the motor bike extended only to the farm premises, not to the highway. "We would have an entirely different situation had the Ahrens provided Clayton with the motor bike for use on the highway or where such use could have been reasonably expected to occur.
*487 This Court has rejected the family purpose doctrine. Clawson v. Schroeder, 63 Mont. 488, 208 P. 924; Smith v. Babcock, 157 Mont. 81, 482 P.2d 1014.
Plaintiffs also rely on Edward Ahrens’ plea of guilty to a violation of section 31-156, R.C.M. 1947, which prohibits a person to knowingly permit his child or ward to drive a motor vehicle upon any highway when such minor is not authorized. While the plea is admissible as evidence of the proposition that Edward knowingly permitted Clayton to drive on the highway, it is not conclusive. Sikora v. Sikora, 160 Mont. 27, 33, 499 P.2d 808. The district court found that “Clayton was using the Honda motor bike at the time of the accident on the highway * * * without the knowledge of the parents, and against their instructions that he not go out upon the highway in using said motor bike.” This finding is fully substantiated by the evidence.
I would also hold as a matter of law that the evidence presented by plaintiffs does not present any issue of negligent entrustment. The sole evidence which could possibly lead to a finding of negligent entrustment is: the motor bike was in fact entrusted to Clayton; his parents knew Clayton was twelve years old; Clayton had had no training or instruction in the driving of a motor bike prior to it being entrusted to him ten days earlier; and Edward plead guilty to a violation of section 31-156, R.C.M. 1947. Clayton was specifically instructed to only use the motor bike around the farm and not to go on the highway. The record is devoid of any evidence as to Clayton’s habits or characteristics which would indicate that his parents knew or should have known that Clayton would violate their instructions or was unable to properly operate the Honda. The district court specifically negated the guilty plea by finding that the parents were without knowledge of Clayton’s use of the motor bike on the highway. On these facts, viewed in a farm setting, there is not even an inference of negligence.