No. 81-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE ESTATE OF

RICHARD STANLEY MATYE, Deceased,

---

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Missoula, The Honorable
              Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Tipp, Hoven, Skjelset & Frizzell, Missoula,
        Montana

    For Respondent:

        Datsopoulos, MacDonald & Lind, Missoula,
        Montana

---

Submitted on Briefs:  March 18, 1982

Decided:  June 7, 1982

Filed:  JUN 7 ⁻ 1982

*Thomas J. Kearney*
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Personal Representative (PR) of the estate of decedent Matye appeals from the order of the Fourth Judicial District Court, Missoula County, holding that a widow retained an undivided half-interest in real property owned jointly by the widow and her husband, notwithstanding the possibility that the widow had intentionally killed her husband. We affirm the District Court.

The PR of Matye's estate presents the following questions for review:

(1) Whether a joint tenant who feloniously and intentionally kills the other joint tenant retains an undivided half-interest in the jointly-held property.

(2) Whether, if an interest in jointly-held property is retained by the slayer, a constructive trust should be imposed for the benefit of decedent's heirs.

At the time of this appeal, deliberate homicide charges were pending against the wife, charging that on February 20, 1981, decedent Matye was shot and killed by his wife, as he slept.

On April 27, 1981, the District Court heard the petition of decedent's father for adjudication of intestacy, determination of heirs and appointment of PR. The wife agreed to the appointment of the decedent's father as PR on the condition that the District Court supervise the administration of the estate. She asked the court to order the sale of the jointly-held property and "make available to [her] a one-half share of the proceeds of that sale, with the determination as to the disposition of the remaining one-half share awaiting the outcome of her trial." She emphasized her need for funds

-2-

"to secure the best possible defense." The PR opposed any payment of proceeds to the wife. On May 4, 1981, the District Court ordered the sale of the real property, and further ordered that the proceeds be placed in a trust account for the estate of Richard Matye pending the court's determination of the respective rights of the parties.

After considering the arguments and briefs, on June 5, 1981, the District Court ordered that after the sale of the jointly-held property, upon application of the wife, the PR should deliver to the wife one-half of the sale proceeds, including principal and interest. The PR appeals from that portion of the June 5, 1981, order.

We are not concerned in this appeal with the remaining one-half of the proceeds from the sale of the jointly-owned property.

I.

The PR argues that the District Court relied upon section 72-2-104(2), MCA, and failed to apply section 72-2-104(1), MCA, which has not yet been construed by this Court. The statute provides:

> "72-2-104. (1) A surviving spouse, heir, or devisee who feloniously and intentionally kills the decedent is not entitled to any benefits under the will or under this chapter, and the estate of decedent passes as if the killer had predeceased the decedent. . .
>
> "(2) Any joint tenant who feloniously and intentionally kills another joint tenant thereby effects a severance of the interest of the decedent so that the share of the decedent passes as his property and the killer has no rights by survivorship. This provision applies to joint tenancies in real and personal property, joint accounts in banks, savings and loan associations, credit unions, and other institutions, and any other form of co-ownership with survivorship incidents."

The PR maintains that these provisions are inconsistent and that this Court should reconcile them by construing them against the blameworthy party. He argues that the wife should be treated as having predeceased decedent; thus the entire interest in the jointly-held property should be found to have passed to Richard Matye by survivorship and vested in his estate. According to the PR, allowing the wife to keep half the proceeds of the sale rewards her wrongdoing, contrary to section 72-2-104(1), MCA, by permitting her to benefit from her destruction of the possibility that the husband would survive her and become sole owner of all the property.

We disagree. The factual analysis must take place as of the moment of the death of the husband. Immediately prior to such death, the husband and wife were the owners as joint tenants with rights of survivorship in the real property. It should be noted that the right of survivorship exists by virtue of the grant in the deed itself. Section 70-20-310, MCA. That right of survivorship, which normally allows the survivor to take full title to the jointly-owned property, exists under the deed grant and is not in any way related to the estate of the deceased which passes by the law of intestate succession or under the law of wills.

A joint tenancy in real property may be severed during lifetime by a conveyance on the part of a joint tenant. Such a conveyance is termed a severance. By section 72-2-104(2), MCA, the Montana legislature has provided that the felonious and intentional killing of a joint tenant effects a severance of the interest of the decedent. As further stated in the statute, the effect of the severance is that the share of the decedent, one-half in this case, passes as

-4-

the property of the decedent and the killer has no right of survivorship. While there have been extensive arguments made in other states because of the absence of statutes, our statute is clear. If it is ultimately determined that the wife feloniously and intentionally killed her husband, then under section 72-2-104(2), MCA, a severance took place at the moment of death, resulting in a one-half interest being retained by the wife and the remaining one-half interest passing as the property of the decedent husband.

Section 72-2-104(1), MCA, then clearly describes the treatment to be given to the estate of the decedent. If the wife is found to have feloniously and intentionally killed the husband, then the wife is not entitled to any portion of the estate of the deceased, and the estate passes as if the wife had predeceased the decedent. The result of this statute is that if the wife is found to have feloniously and intentionally killed the husband, the one-half interest in the property which would have passed by the right of survivorship instead passes as a part of the estate of the decedent, excluding the killer.

The effect of section 72-2-104(1) and (2), MCA, is to provide that where a joint tenant feloniously and intentionally kills another joint tenant, the killer may not benefit by virtue of the right of survivorship provision in the joint tenancy deed, and that the killer also may not participate in the estate of the decedent passing under the laws of testate and intestate succession.

This conclusion is consistent with two factually similar cases decided by this Court prior to the adoption of the Uniform Probate Code. In Sikora v. Sikora (1972), 160 Mont. 27, 499 P.2d 808, and In re Cox's Estate (1963), 141 Mont. 583, 380 P.2d 584, this Court determined that a joint tenant who killed the other joint tenant was entitled to retain his

interest in the jointly-held property. The Court relied upon the principle that the wrongdoer should not take advantage of his own wrong and held that the killer was not entitled to the survivorship share of the property.

The PR now urges this Court to extend the above principle, and hold that, because the wife might have predeceased the husband and been entitled to none of the jointly-held property, she cannot benefit from her wrongful act by retaining her half-interest in the property.

We do not view the wife's retention of her half-interest as a benefit resulting from decedent's murder.

The wife's interest in the jointly-held property vested with the creation of the joint tenancy. She had the right to convey her interest and sever the joint tenancy at any time. Barrett v. Ballard (1980), ____ Mont. ____, 622 P.2d 180, 37 St.Rep. 2038. This was not a situation where the wife could succeed to ownership by will or intestate succession. She already owned a half-interest in the property. We decline to deprive her of that interest on the speculative basis suggested by the PR. We find that the wife obtained no concrete benefit as a result of killing her husband, and is entitled to retain her half-interest in the jointly-held property.

## II.

The PR argues in the alternative, that if the wife is entitled to a severance and half-interest in the jointly-held property, she should hold that property subject to an involuntary, constructive trust for the benefit of decedent's heirs. The PR relies upon section 72-20-111, MCA, which provides for the imposition of an involuntary trust when one "gains a thing by . . . wrongful act."

We do not find that the severance of the joint tenancy in any way constituted a gain by the widow and hold that section 72-20-111, MCA, is not applicable. Nor does section 72-2-104(2), MCA, provide for the imposition of a constructive trust under these circumstances. The District Court correctly held that while Montana law requires the imposition of a constructive trust on the murdered decedent's interest, for the benefit of the decedent's heirs, the slaying results in a severance of the joint tenancy with the survivor retaining the other undivided one-half interest.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

-7-