OPINION OF THE COURT
C. Raymond Radigan, J.
The within motion to dismiss the petition heretofore served by the temporary administratrix to determine title to real property is disposed of as follows.
Prior to their deaths, Diane and George Brown held title to *573 certain real property as tenants by the entirety. It appears without dispute that Diane Brown died by the hand of her husband, who shortly thereafter took his own life. In the circumstances, an issue is presented whether George Brown has forfeited his right to succeed to any property interest by reason of his wife’s death (Riggs v Palmer, 115 NY 506; Matter of Wells, 76 Misc 2d 458; cf., Matter of Bobula, 19 NY2d 818). Should it be found that forfeiture has occurred, the interest of the decedent, George Brown, in the property held by the entirety would be limited to the value, if any, of his life estate in one half of that property (Matter of Busacca, 102 Misc 2d 567; Matter of Pinnock, 83 Misc 2d 233).
Respondents have not questioned the authority of this court to determine these issues but rather have limited their argument to the authority of the temporary administratrix to maintain the proceeding. That is, while RPAPL 1501 (1) authorizes an "executor or administrator” to maintain a proceeding to determine title to real property, it fails to enumerate a temporary administrator as having that authority. This narrow statutory construction is not without judicial support (Higbee v Schwartz, 185 Misc 28; In re Gore’s Will, 51 NYS2d 612). It is observed, however, that the reasoning employed for so limiting the authority of a temporary administrator has since been partially eroded by the provisions of SCPA 905 (1) which now authorizes the institution of such proceedings relative to "all property” owned by a decedent. In prior form, the general powers of temporary administrators were limited to "personal property” (Surrogate’s Ct Act § 127, now SCPA 903 [1]). In any event, and to the extent that it may be argued that a temporary administrator does not have the status of an "administrator” within the meaning of RPAPL 1501 (1), it must also be remembered that the authority of this court is not circumscribed by specific enumeration. That is, so long as the court is conferred jurisdiction to hear an issue, it is empowered to do so notwithstanding the absence of specific provision of law relative thereto (SCPA 202). Accordingly, the court is satisfied that the within proceeding may be maintained within the provisions of the Surrogate’s Court Procedure Act (SCPA 905) whether or not expressly authorized by the Real Property Actions and Proceedings Law and the motion to dismiss is accordingly denied.