■ COMMUNITY NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Respondent, v JUDITH A. WISAN et al., Defendants, and BERNICE KLAWSKY, as Executrix of STEPHEN WISAN, Deceased, Appellant.—In an action to foreclose a mortgage on real property, the defendant Bernice Klawsky, as executrix of the estate of Stephen Wisan, appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated July 9, 1990, which denied her motion, *inter alia,* for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Stephen Wisan and Judith Wisan owned real property as tenants by the entirety. Shortly after the death of her husband, Judith Wisan (hereinafter the decedent's wife) borrowed a sum of money from Community National Bank and Trust Company of New York (hereinafter the bank), mortgaging the property to secure the loan. When she defaulted on the loan, the bank sought to foreclose its mortgage and commenced the instant action against, *inter alia,* the decedent's wife and Bernice Klawsky, the executrix of the decedent's estate. Thereafter, the estate of the decedent filed a petition for a settlement of the executrix's account in the Surrogate's Court. In her petition, the executrix alleged that the decedent's wife brought about the death of the decedent. Although the decedent's wife initially filed objections to this claim and denied any involvement in the death of her husband, she subsequently withdrew this objection stating that a trial "would not

serve either my or my children's best interests". Since the issue was not contested, the Surrogate's Court issued a decree in which it determined that the decedent's wife "was instrumental in and played a role in the death of the decedent" (see, SCPA 509). The plaintiff bank was not a party to the Surrogate's Court proceeding. By the time of the Surrogate's decree, the decedent's wife had been acquitted of murdering her husband in a criminal trial, but this did not preclude the Surrogate's finding because of the lower burden of proof required in a civil case (see, Kalra v Kalra, 149 AD2d 409, 410).

Subsequent to the Surrogate Court's decree, the estate of the decedent moved for summary judgment dismissing the foreclosure action, claiming that the Surrogate's decree was to be given res judicata effect and arguing that since the decedent's wife forfeited any interest in the property by causing the death of her husband, she was not empowered to mortgage the property.

Under the circumstances of this case, the court properly denied the estate's motion for summary judgment. The doctrines of res judicata and collateral estoppel are inapplicable inasmuch as the decedent's wife did not defend against the objection to her interest with full vigor, and the plaintiff never had a full opportunity to litigate the issue (see, B. R. De Witt, Inc. v Hall, 19 NY2d 141; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65). The Surrogate's determination is not dispositive as to the right of the decedent's wife to give a mortgage lien to a good faith lender for value (see, Simpson v Del Hoyo, 94 NY 189), nor does the decree cause a forfeiture of her own undivided interest in the property, which interest was subject to the mortgage lien (see, Matter of Brown, 141 Misc 2d 572; see also, Matter of Schwartz, 133 Misc 2d 1064, revd in part on other grounds 139 AD2d 640; Matter of Busacca, 102 Misc 2d 567; Matter of Nicpon, 102 Misc 2d 619).

We have examined the estate's remaining claims and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.