OPINION OF THE COURT
Alfred J. Weiner, S.
In this probate proceeding, petitioner seeks a decree disqualifying respondent as beneficiary and surviving spouse.
The last will and testament was admitted to probate and letters testamentary were issued to petitioner on March 31, 1997. Pursuant to Article 6 of her last will and testament, the decedent devised her real property to petitioner subject to a life estate in favor of her husband, the respondent.
*881 On or about November 16, 1995, the decedent, Regina Savage, died from injuries caused by a fatal gunshot wound inflicted by respondent. Respondent pleaded guilty to the crime of manslaughter in the second degree.
It is well established that “[n]o one shall be permitted to profit by * * * or to take advantage of his own wrong * * * or to acquire property by his own crime.” (Riggs v Palmer, 115 NY 506, 511; Matter of Loud, 70 Misc 2d 1026; Matter of Brown, 141 Misc 2d 572.) However, one who kills in self-defense, or by accident or while insane does not forfeit the right to inherit from a decedent. (Mahar v Metropolitan Life Ins. Co., 260 App Div 961; Matter of Fitzsimmons, 64 Misc 2d 622; Matter of Wirth, 59 Misc 2d 300.)
Manslaughter in the second degree is defined in Penal Law § 125.15 (1), which states that “[a] person is guilty of manslaughter in the second degree when” “[h]e recklessly causes the death of another person”. The term “recklessly” is defined in Penal Law § 15.05 (3) as: “A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.”
Surrogate Bennett stated in Matter of Wells (76 Misc 2d 458 [Sur Ct, Nassau County 1973]) that where the surviving spouse was convicted of manslaughter in the second degree for recklessly causing the death of the decedent, these elements constituted a wrong contemplated in the finding of Riggs v Palmer (supra), and therefore, the surviving spouse had forfeited her benefits under decedent’s will. The commission of an intentional felony is not a mandatory element to constitute a forfeiture.
Furthermore, a hearing is not necessary to determine if an intentional crime was committed and, therefore, that a surviving spouse has forfeited his benefits to the deceased spouse’s estate, where the court can make a finding that the surviving spouse feloniously caused the death of decedent and was consciously aware of the risks and results that could follow from his actions. (Matter of Wells, supra.)
Respondent contends that he was temporarily insane at the time and that he is entitled to a hearing to determine this issue. Petitioner contends that respondent is disqualified due to his conviction of manslaughter in the second degree and that *882 he is barred from attempting to prove that he was temporarily insane due to collateral estoppel.
A criminal conviction, whether by plea or after trial, is conclusive proof of the same facts in a subsequent civil proceeding and collateral estoppel bars a defendant from relitigating those issues that were raised, or may have been raised, in the criminal proceeding. (Broer v Smith, 240 AD2d 528; Grayes v DiStasio, 166 AD2d 261.) However, before declaring a forfeiture, the court should review the transcript of the minutes of the plea. (Estate of Mirissis, NYLJ, Mar. 16, 1993, at 25, col 3 [Sur Ct, Nassau County].)
Based upon respondent’s conviction of this crime and upon review of the transcript of the minutes of the plea filed herewith, the court finds that respondent is collaterally estopped from proving that he was temporarily insane and that he has forfeited his benefits to decedent’s estate.
Accordingly, the application by petitioner to disqualify respondent as beneficiary and surviving spouse is granted.