*In re* ESTATE OF DON R. PHILLIPS, DECEASED—(EDNA S. PHILLIPS, Plaintiff-Appellee, *v.* EVAN MALLON, Defendant-Appellant.)

(No. 71-220; ▮▮▮▮▮▮▮▮)

Second District—March 1, 1972.

*Rehearing denied March 30, 1972.*

Charles F. Meyers, of Chicago, and William T. Meyers, of Elgin, for appellant.

Joslyn & Green, of Woodstock, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant appeals from an order by which he was removed as administrator with will annexed of the estate of Don R. Phillips.

The issue on appeal is whether defendant had a conflict of interests with the estate sufficient to constitute "other good cause" for removal under the Probate Act, Ill. Rev. Stat. 1969, ch. 3, par. 276(a) (10).

There was an interdependent relationship of decedent's will to an *inter vivos* trust of which he was grantor, and a corporation founded by him and his wife. The residuary clause of the will left the remainder of

the estate to the Don R. Phillips Trust. The corpus of that trust was composed primarily of the stock of Don R. Phillips, Inc.; its primary beneficiary, plaintiff, widow of the decedent. After decedent's death, defendant became one of the four successor trustees of the Don R. Phillips Trust. Defendant was also an officer of Don R. Phillips, Inc., and one of its five directors, as were two other trustees—Henry Levin and Charles F. Meyers. These men, among others, were contingent beneficiaries under the terms of the trust.

The executor named under the will declined to act and plaintiff, in a petition filed on August 18, 1969, nominated defendant as administrator with will annexed. Defendant was so appointed on August 25, 1969.

Subsequent to the death of Don R. Phillips, plaintiff was given $5,000 from corporate funds. The vouchers for this disbursement refer to the sum as a "widow's award," although during the course of administration, plaintiff and defendant differed as to whether the money was paid in lieu of a "widow's award" from estate assets. This disagreement appears to have been the immediate motivation for plaintiff's filing of the petition for removal which alleged mismanagement and conflict of interests on the part of defendant.

On July 27, 1971, the trial court removed defendant as administrator with will annexed, and entered an order which found, in parts relevant, that:

1) Although plaintiff had not waived her right to a widow's award from estate assets, defendant was not culpable for his failure to apply for such award;

2) Failure of defendant to file his accounting within the statutory limit was not sufficient cause for removal;

3) While payment of partial fees and specific legacies without prior court approval was a matter warranting criticism, it was not, in itself, sufficient basis for removal;

4) Defendant had a conflict of interests which prevented him from objectively carrying out his responsibilities because of his conflicting capacities as administrator with will annexed, a trustee of the Don R. Phillips Trust, and former director of Don R. Phillips, Inc.

On appeal defendant argues that there was no basis for his removal as legal representative, asserting that his failure to apply for a widow's award is not a subject of this appeal, that he has not "in other respects mismanaged the estate," and that his status as a contingent beneficiary of the Don R. Phillips Trust was not a sufficient conflict of interests to justify removal. While these were grounds alleged in plaintiff's petition for removal, the order of the trial court exonerated defendant of any culpability in these areas.

■■ Defendant also contends that he does not have a conflict of interests which did or may interfere with the proper administration of the estate, arguing that the trial court's decision was baseless since he did not personally benefit from his administration and since his accounting was approved by the court. These factors, however, are not relevant to the finding that defendant had a conflict of interests resulting from his holding incompatible offices. The findings do not bring defendant's fidelity into question. The court, in approving the administrator's account, sanctioned only those acts reported by defendant. It could not evaluate any possible omissions arising from a conflict.

The findings of the trial court reveal a situation in which defendant, because of his concurrent fiduciary obligations to the estate, the corporation, and the trust, was rendered incapable of objectively determining his duty and acting in the best interest of the estate. In response to questions by plaintiff's attorney, defendant's testimony exemplified this conflict of duties detrimental to the estate:

"Q. * * * Following your appointment as Administrator have you made any attempt to collect items of income of any kind owed to the Estate of Don R. Phillips?

A. Not really.

Q. Why?

A. Because we felt the corporation needed it more than Mrs. Phillips did.

Q. Who felt this?

A. The Board of Directors.

* * *

Q. Did you make the decision?

A. Not by myself.

Q. * * * Who made the decision?

A. As I said the Board of Directors and I was one of the Board.

* * *

Q. Do you feel today as Administrator you could collect income owed to the Estate?

A. As purely as an Administrator.

Q. Well, aren't you a pure Administrator?

A. Yes.

Q. But?

A. But also I'm on the Board of Directors and I have to look out for the company from that standpoint.

* * *

Q. You have made a determination as a Director of Don R. Phillips,

Inc., that the corporation needs the money more than the Estate, is that correct?

A. Yes."

■■■ The failure of defendant to collect debts due the estate from the corporation constitutes more than a merely hypothetical conflict of interests and one which is not diminished by the interrelationship of the will with the trust and the corporation. The trial court noted in its ruling that the argument that defendant's conflict affected only the trust (the corpus of which is predominantly composed of the stock of the corporation), ignores the duties which defendant, as administrator, owed to possible creditors of the estate and to the widow should she have chosen to renounce the will.

■■ Evidence does not support the contention that any conflict has been removed because defendant is no longer on the Board of Directors:

"Q. You are no longer associated with Don R. Phillips, Inc. * * *

A. That is right. .

Q. When did you leave Don R. Phillips, Inc.?

A. March 1st of this year.

Q. March 1st of '71? What attempts have you made, I mean since March 1st '71 to collect monies due Don R. Phillips from Don R. Phillips, Inc.?

A. No efforts.

Q. No efforts? Do you still work with the members of the Board of Don R. Phillips, Inc. with respect to decisions of the Estate?

A. Yes, I see Mr. Meyers from time to time.

Q. Do they still participate in the decisions you make?

A. Yes, I assume so."

As previously noted, Mr. Meyers is, with defendant, one of the successor trustees and contingent beneficiaries under the Don R. Phillips Trust, and was a director of Don R. Phillips, Inc. at the time defendant held that position. From the testimony it appears that Mr. Meyers, who represented defendant in the present case, is still on the board of directors. It seems obvious that, within the small group of persons involved in the affairs of Don R. Phillips, defendant formed relationships which were not broken by his disassociation from the corporation. The objectivity which defendant lost through his dual status as director and administrator has not been restored by his mere surrender of the former office. It is evident that the interrelationship between the entitites of the corporation, the trust, and the personal estate of Don R. Phillips resulted in a confusion of duties which rendered defendant incapable of acting in the best interests of the estate.

■■ An administrator or executor may be removed only for reasons set forth in Ill. Rev. Stat. 1969, ch. 3, par. 276. (*In re Estate of Breault* (1963), 29 Ill.2d 165, 180, *In re Estate of Kuhn* (1967), 87 Ill.App.2d 411, 416.) An administrator will be removed, and a special administrator appointed, where there is conflict of interests between the estate and the personal interest of the administrator, *Estate of Storer v. Storer* (1971), (Ill.App.2d), 269 N.E.2d 352, or between positions held by the executor or administrator, *In re Estate of Benson* (1969), 111 Ill.App.2d 251. The Illinois Supreme Court has noted that, "Unsuitableness to administer may well consist in an adverse interest of kind * * *" *In re Estate of Abell* (1946), 395 Ill. 357, 346.

■■ Certainly, under Sec. 276(a) (10) of the Probate Act, "other good cause for removal" may be seen in the conflict of interest which interferes with the objective administration of the estate. We find that the determination of such a conflict in this case was not against the manifest weight of the evidence. The decision of the trial court is therefore affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.