William C. DUNCAN, Appellee,

v.

Edgar VASSAUR, Sr., Administrator of the
Estate of Edgar Vassaur, Jr., De-
ceased, Appellant.

No. 47895.

Supreme Court of Oklahoma.

May 25, 1976.

Boatman & Laub, Okmulgee, for appellee.

Bailey, Romine & Shamas, Okmulgee, for appellant.

DAVISON, Justice.

The real estate involved herein are lots 20, 21, 22, 23 and 24, block 16, in Checote Addition to the City of Okmulgee, Oklahoma. This property was owned by Edgar Vassaur, Jr., prior to his marriage to Betty E. Vassaur and was by him conveyed to Edgar Vassaur, Jr. and Betty E. Vassaur as joint tenants by. Warranty Deed dated June 30, 1969, and remained in joint tenancy when on August 9, 1971, the wife, Betty Elaine Vassaur, shot and killed her husband.

On September 30, 1971, after she had been charged with first degree manslaughter for killing her husband, Betty E. Vassaur, as a widow, conveyed the involved property to her father, William M. Duncan, the appellee.

Edgar Vassaur, Sr., is the administrator of his deceased son's estate. As such, he claimed ownership of one-half the property, a lien on the balance in the amount of the proceeds of a credit life insurance policy on the victim's life, and another lien in the amount of a home improvement loan which had been repaid by the estate. These claims were asserted in an answer and cross petition filed by the administrator in the action to quiet the title to the realty brought by Duncan against the estate. Duncan interposed a demurrer to the answer and cross petition and moved for judgment on the pleadings. The trial judge sustained the demurrer, dismissed the cross petition and granted Duncan's motion for judgment on the pleadings.

At issue here is the interpretation and applicability of the Oklahoma "slayer statute," 84 O.S.1971 § 231, which provided in parts here pertinent as follows:

"No person who is convicted of murder or manslaughter in the first degree under the laws of this State . . . of having taken . . . the life of another, shall inherit from such person, or receive any interest in the estate of the decedent, or take by devise or legacy, or descent or distribution, from him, or her, any portion of his or her, estate . . . ."

This statute very clearly relates to the manner in which property devolves, whether by will or under the statute of descent and distribution, a subject which the Oklahoma Supreme Court has held to be exclusively within the province of the legislature. *Holloway v. McCormick, et al.,* 41 Okl. 1, 136 P. 1111 (1913); *Cox v. Cox,* 95 Okl. 14, 217 P. 493 (1923).

The facts in the instant case present a question of first impression in this jurisdiction.

We have held that the fee simple title to property held in joint tenancy by a husband and wife vested in the husband upon the death of the wife. *Mercer v. Mercer,* Okl., 365 P.2d 554. However, it was unnecessary in such a case to consider or interpret Title 84 O.S.1971 § 231, supra.

We have held that a joint tenant can terminate the joint tenancy by any act which is inconsistent with its continued existence. *Shackleton v. Sherrard,* Okl., 385 P.2d 898. We are of the opinion that the murder here involved was inconsistent with the continued existence of the joint tenancy and that at the time the murder was committed, the joint tenancy was terminated and separated.

The question before us has been the subject for determination by a number of states with a number of different and contrary views, such as: (1) Some jurisdictions hold that the murderer is deprived of the entire interest except for a life interest in one-half. (2) The murderer is entitled to keep all the property. (3) The murderer holds upon a constructive trust to the extent of the computed value of one-half of the property as of the date of the victim's

death for the period of the victim's expectancy. (4) The murderer is chargeable as constructive trustee of the entire property for the benefit of his victim's estate. (5) The murderer is chargeable as constructive trustee of one-half of the property for the benefit of the victim's estate. (6) By the murder, the joint tenancy has separated and terminated and one-half of the property should go to the heirs of the deceased (murdered person) and the other one-half to the murderer, or to his heirs, when deceased.

We believe it unnecessary to attempt to discuss all of the various theories expressed in opinions on the present subject.

We are of the opinion that the most equitable solution of the question is to hold that by the murder, the joint tenancy is separated and terminated and one-half of the property should go to the heirs of the deceased husband (murdered person) and the other one-half to the murderer, wife, or to her heirs, when deceased. By such holding, the joint tenancy is changed to a tenancy in common. We so hold.

In adopting the above theory, we are guided by 84 O.S.Supp.1975 § 231, effective June 12, 1975, and by several cases from other jurisdictions.

In the case of *Bradley v. Fox*, 7 Ill.2d 106, 129 N.E.2d 699, the following language was used:

"It is our conclusion that Fox by his felonious act, destroyed all rights of survivorship and lawfully retained only the title to his undivided one-half interest in the property in dispute as a tenant in common with the heir-at-law of Matilda Fox, deceased.

. . .

In so construing the rights of the parties to deny a murderer the fruits of his crime, this court is functioning, not as a 'theological institution,' as suggested in the Ohio case cited by defendants, but as a tribunal dedicated to the adjudication of law, for effecting justice is not a novel role for the courts, nor one tran-

scending the sphere of other institutions."

In the case of *Grose v. Holland*, 357 Mo. 874, 211 S.W.2d 464, it was held that one-half of the property held in joint tenancy by husband and wife should go to the heirs of the deceased (murdered person) and that the other half of the property should go to the murderer.

In the last cited opinion, it was said:

"When William Edgar Holland murdered his wife he did acquire a practical, substantial benefit by that act. Prior to that murder, both he and his wife were each entitled to enjoy the whole, and each had a chance of survivorship and consequent acquisition of the whole as a tenant in severalty. The practical benefit that he acquired by the death of his wife does satisfy the conditions imposed by the common law relative to estate by entirety so that the survivor may take all. One must not only be a survivor in fact but also a survivor in contemplation of law. Indispensable is the prerequisite that decease must be in the ordinary course of events and subject only to the vicissitudes of life. The killer can assert no right to complete ownership as survivor. Equity will not allow him to profit by his own crime."

Also see *Cowan v. Pleasant*, Ky., 263 S.W. 2d 494.

In defendant's (appellant's) answer to plaintiff's (appellee's) petition, in addition to praying for a one-half interest in the property, also asked for additional relief as follows:

1. For one-half of the rent collected by plaintiff from the rental of the property on which is located a business building.

2. That at the time of the death of the deceased, he was the owner of a credit life insurance policy on his life for the balance due on a real estate mortgage to the Okmulgee Savings and Loan Association on the involved property for which the estate

was liable. That on the death of decedent, the mortgage of $2,402.25 was paid and mortgage released. Defendant asks that a lien be placed on plaintiff's interest in the property for one-half of this amount in favor of the estate of the deceased.

3. For one-half the amount the estate paid on an improvement loan made for improvement of the involved property and which the deceased was legally obligated to pay. Defendant asks that one-half of this amount paid by the estate be declared to be a lien on plaintiff's interest in the property.

Since the trial court originally decided the case on the pleadings, it will be necessary that evidence be taken on the above items and judgment entered thereon accordingly.

Lastly, it will be noted in plaintiff's petition that it was not claimed that plaintiff was an innocent purchaser for value, without notice of the fact that his grantor, Betty E. Vassaur, had been charged with murdering her husband at the time of the execution and delivery of the deed to him.

It is inconceivable that plaintiff did not know of the fact that his daughter had murdered her husband on August 9, 1971, when on the 30th day of September, 1971, he received the deed in question. However, the plaintiff should be given an opportunity to prove that he was a bona fide innocent purchaser for a valuable consideration and that he was without knowledge that his grantor, daughter, had murdered her husband at the time of the execution and delivery of the deed.

It follows that the judgment must be reversed and the cause remanded with directions to set aside the judgment of dismissal and in the absence of proper proof of plaintiff being an innocent purchaser for a valuable consideration and without knowledge that his daughter had murdered her husband at the time of the execution

and delivery of the deed, then in that event, the trial court is directed to enter judgment in favor of the defendant, administrator as follows: That one-half of the property should go to the plaintiff and the other one-half to the administrator of the deceased to be distributed to the heirs of the deceased. Also the plaintiff should account to the administrator for one-half the rents collected by him less necessary money paid out for upkeep and taxes. Also that a lien should be fixed on plaintiff's one-half of the property for one-half of the insurance paid to release the mortgage and also one-half of the amount paid by the estate for release of the improvement mortgage. It is so ordered.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES, and SIMMS, JJ., concur.