*In re* ESTATE OF JACKIE LLOYD COSLET, Deceased.—(EVELYN COSLET *et al.*, Appellants, *v.* TUSCOLA NATIONAL BANK, Adm'r of the Estate of Jackie Lloyd Coslet, Deceased, Appellee.)

Fourth District   No. 13253

Opinion filed June 17, 1976.

Stephen Davis, of Charleston, for appellants.

Lemna & Lee, of Tuscola (Raymond Lee, Jr., and Emerson L. Moore, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

As administrator of the estate of Jackie Lloyd Coslet, the Tuscola National Bank, pursuant to an agreement with Coslet's widow and sole heir, Linda Kay Coslet, sold certain joint tenancy property and held the proceeds pending court approval of an administrator's report. That report, filed January 31, 1975, recommended distribution of one-half the proceeds of sale of joint tenancy property to Linda Coslet. Between Jackie Coslet's death and the filing of the administrator's report, Linda Coslet had been found guilty of voluntary manslaughter of her husband. On the basis of that conviction, Jackie Coslet's mother and sister, appellants herein, filed a petition objecting to any distribution of funds, joint tenancy or otherwise, to Linda Coslet.

The circuit court initially allowed the objectors' request as to distribution of the joint tenancy funds, but approved the remainder of the administrator's report and allowed $1000 in attorney fees. Pursuant to the administrator's petition, however, the circuit court reheard the matter of the joint tenancy funds, and on March 11, 1975, allowed the requested distribution to Linda Coslet. At the same time, the trial court reaffirmed the order of $1000 in attorney fees. The objectors herein filed a notice of appeal from that decision on March 17, 1975.

Prior to the rehearing, objectors had, on March 6, 1975, filed a petition to remove the administrator and attorney for the estate. On April 22, 1975, after notice of appeal from its March 11 decision had been filed, the trial court ruled it was without jurisdiction to entertain the motion to remove the administrator and attorney, in view of the pending appeal.

The objectors raise three issues before this court. First, on the basis of Linda Coslet's criminal conviction, they challenge the trial court's decision to distribute one-half the joint tenancy property to her. Second, they argue that the attorney fees approved by the trial court represent in

part work for interest conflicting with and antagonistic to the interest of the estate. Third, they ask this court to consider the correctness of the trial court's ruling, entered subsequent to the filing of notice in this case, that the trial court had no jurisdiction to entertain a petition to remove the administrator and attorney.

■■ Taking the last of these contentions first, we note that this court has no authority to consider questions arising after the notice of appeal was filed. (*Cygnar v. Martin-Trigona*, 26 Ill. App. 3d 291, 325 N.E.2d 76.) Consequently, the propriety of the trial court's ruling on the petition to remove the administrator and attorney is not before this court.

■■ Moreover, we consider the question of Linda Coslet's right to one-half the joint tenancy funds closed, in view of the constitutional prohibition against forfeiture of estate by virtue of a criminal conviction (Ill. Const. 1970, art. I, §11) and the supreme court's holding in *Bradley v. Fox*, 7 Ill. 2d 106, 129 N.E.2d 699. That case clearly establishes the surviving joint tenant's right to *retain* his or her interest in joint tenancy property, regardless of his or her felonious killing of the other joint tenant.

■■■ Objectors' final contention is based on Raymond Lee, Jr.'s role as both attorney for the administrator, Tuscola National Bank, and defense counsel for Linda Coslet in her criminal trial. They challenge the $1000 awarded Raymond Lee on the grounds that it represents, at least in part, payment for representation for interests conflicting and antagonistic to the estate. Since the trial court had pending before it, at the time of rehearing, a motion to remove the attorney and administrator, it was incumbent upon the court to consider that motion before reaffirming the award of attorney fees. Conflict of interest with the estate may constitute cause for removal of an attorney under the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 1 *et seq.*), provided that conflict is sufficient. (*In re Estate of Phillips*, 3 Ill. App. 3d 1085, 280 N.E.2d 43; *In re Estate of Benson*, 111 Ill. App. 2d 251, 250 N.E.2d 281.) Had Linda Coslet been convicted of murder, she would have forfeited her right to inherit from her victim. (Ill. Rev. Stat. 1973, ch. 3, pars. 15a, 49a.) Consequently, the outcome of the criminal trial necessarily affected the distribution of estate property. It was for the trial court to determine whether Lee's representation of a potential heir to the estate, in a criminal proceeding which could affect disposition of the estate, was a conflict sufficient to constitute good cause for removal.

Consequently, we remand to the trial court for consideration of the charges of conflict of interest and a reconsideration of attorney fees in light of its finding on the conflict question.

Reversed and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.