OPINION OF THE COURT
William J. Regan, S.
The public administrator in and for the County of Erie has filed a petition seeking judicial settlement of his accounts as voluntary administrator in the estate of Irene Nicpon. The petition requests a judicial determination be made with respect to determining the interest of the respondents, to wit: Adam Nicpon, the husband of the decedent who is presently *620 incarcerated in the New York State Department of Correction at Attica; Lucy Nicpon, John Nicpon, and Ann Nicpon, all children of the decedent and the respondent Adam Nicpon.
The court appointed Joseph G. Sacco, Esq., as guardian ad litem, to protect the interest of the respondent, Adam Nicpon, and appointed John M. Garrity, Esq., to protect the interest of Ann Nicpon, an infant daughter of the parties.
It appears that the respondent, Adam Nicpon, was indicted on October 24, 1975 and charged with second degree murder of his wife, Irene Nicpon, the decedent herein. On December 13, 1976, the respondent, Adam Nicpon, pleaded guilty to manslaughter in the first degree and was sentenced to an indeterminate term of imprisonment and is presently incarcerated at the Attica Correctional Facility.
The only issue to be resolved in this proceeding concerns the rights of the parties in and to the real property commonly known and referred to as 110 St. Louis Street, Buffalo, New York. The title in said property was in the name of the decedent and the respondent, Adam Nicpon, as tenants by the entirety.
It is well settled and established that one may not inherit or succeed to property as a result of his own wrongful act (Riggs v Palmer, 115 NY 506, 511-512). Likewise, a wrongdoer’s estate may not benefit from the wrongful act (Bierbrauer v Moran, 244 App Div 87; Matter of Pinnock, 83 Misc 2d 233).
A similar question was addressed by my learned colleague, Bertram R. Gelfand, Surrogate, in Matter of Pinnock (83 Misc 2d 233, supra). In that case, Surrogate Gelfand held that the estate of the decedent wife was the sole owner of the premises owned by both decedents as tenants by the entirety. The court stated that (p 237) "[w]hen both tenants by the entirety were alive, each had no more than a life interest in an undivided one half of the property with the possibility that if one survived the other tenant, upon such survival, the survivor would own the entire property outright in fee simple absolute.” To convert the husband’s life tenancy with the possibility of ownership to a tenancy in common would improperly elevate the nature of his ownership, wrongful misconduct contrary, and therefore benefit from his wrongful act.
The factual circumstances in the instant matter are distinguishable from that in the Matter of Pinnock in that in Pinnock there was a murder-suicide and, thus, the court did not, after equating the husband’s interest to "no more than a *621 life interest in an undivided one half of the property,” address itself to whether he would have had a life estate in the property had he not committed suicide.
Although the law is well established that one may not benefit by his act, it also is well settled that the interest of the wrongful party cannot be diminished. Inasmuch as the respondent, Adam Nicpon, possessed an undivided one-half life interest in the premises, this interest cannot be extinguished. Likewise, the interest of the respondent, Adam Nicpon, cannot be increased as was very ably decided in the Pinnock case.
It is, therefore, the determination of this court that the fee absolute title in the real property held by the decedent and the respondent, Adam Nicpon, as tenants by the entirety by virtue of the wrongful act of Adam Nicpon, passes through the estate of Irene Nicpon and the Public Administrator is hereby authorized and directed to execute a deed conveying the title to said premises to the children of the parties, subject, however, to a life estate in the respondent, Adam Nicpon.