In the Matter of the Estate of MARY MATHEW, Deceased. THOMAS MATHEW, Appellant; SHERINE MATHEW et al., Respondents. [706 NYS2d 432] —In a proceeding pursuant to SCPA 2105 seeking the release of proceeds from the sale of certain real property claimed by the Administrator of the Estate of Mary Mathew, the petitioner appeals from a decree of the Surrogate's Court, Rockland County (Weiner, S.), dated April 5, 1999, which denied his petition and decreed that he had no interest in the sale proceeds.

Ordered that the decree is reversed, on the law, with costs payable by the estate, the petition is granted to the extent that the petitioner is entitled to the value of a life estate in one-half of the proceeds of the sale of the subject real property, and the matter is remitted to the Surrogate's Court, Rockland County, for a hearing to determine the value of the petitioner's interest.

On July 12, 1997, the petitioner, Thomas Mathew, killed his wife Mary. Following a jury trial, the petitioner was convicted of murder in the second degree. While the petitioner was awaiting trial on the criminal charges, he arranged for the sale of a Rockland County house which he and the deceased had owned as tenants by the entirety. Closing took place on April 30, 1998, and the title company placed the proceeds of the sale, which totaled $64,316.90, in an escrow account. The petitioner subsequently commenced this proceeding pursuant to SCPA 2105 to compel his daughter Sherine Mathew, as the Administrator of the Estate of the deceased Mary Mathew, to consent to the release of a share of the sale proceeds to him. Sherine Mathew opposed the application, arguing that the petitioner had forfeited his right to receive any share of the proceeds by the intentional murder of his wife.

The Surrogate dismissed the petition, concluding that the petitioner had alienated himself from any interest in the property or the proceeds of the sale by the murder and that to permit him to receive any share of the sale proceeds would reward him for his wrongful act. We reverse.

In New York it has long been held that one who wrongfully takes the life of another is not allowed to profit thereby (*see, Riggs v Palmer,* 115 NY 506, 511). Thus, it is well settled that an individual who kills his or her spouse is not entitled to succeed to sole ownership of real property as a surviving tenant by the entirety (*see, Matter of Brown,* 141 Misc 2d 572, 573; *Matter of Busacca,* 102 Misc 2d 567; *Matter of Nicpon,* 102 Misc 2d 619; *Matter of Pinnock,* 83 Misc 2d 233). However, Civil Rights Law § 79-b provides that "[a] conviction of a person for any crime does not work a forfeiture of any property, real or personal, or any right or interest therein". Accordingly, the slayer does not forfeit his or her own undivided interest in property which the couple held as tenants by the entirety (*see, Community Natl. Bank & Trust Co. v Wisan,* 185 AD2d 870), and it has been held that the surviving tenant, whose property rights may not be diminished by reason of a criminal act, is entitled to the commuted value of a life estate in one-half of the property or the proceeds from its sale (*see, Matter of Brown, supra; Matter of Busacca, supra; Matter of Nicpon, supra; Matter of Hawkins,* 213 NYS2d 188). The case upon which the Surrogate relied in determining that the petitioner forfeited all interest in the sale proceeds, *Citibank v Goldberg* (178 Misc 2d 287), is inconsistent with the decision of this Court in *Community Natl. Bank & Trust Co. v Wisan* (*supra*), and the prevailing view in most jurisdictions which have considered this issue, that the slayer may not be completely deprived of all interest in property which the couple held as tenants by the entirety (*see, e.g., Matter of Grund,* 648 NE2d 1182 [Ind Ct of App, 2d Dist 1995]; *Hicks v Boshears,* 846 SW2d 812 [Tenn Sup Ct 1993]; *Luecke v Mercantile Bank,* 286 Ark 304, 691 SW2d 843 [Ark Sup Ct 1985]; *Sundin v Klein,* 221 Va 232, 269 SE2d 787 [Va Sup Ct 1980]; *Preston v Chabot,* 138 Vt 170, 412 A2d 930 [Vt Sup Ct 1980]).

The matter is therefore remitted to the Surrogate's Court, Rockland County, for a hearing to determine the value of the petitioner's life interest in one-half of the proceeds of the sale. Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.