*1061 OPINION OF THE COURT
William F. O’Brien, III, J.
Plaintiff Joyce Cardozo, as administratrix of the estate of Patricia Wlasiuk, presently moves for summary judgment on her cause of action seeking to compel the determination of claims to certain real property pursuant to article 15 of the Real Property Actions and Proceedings Law. Specifically, plaintiff seeks a judgment declaring that defendants Peter J. McBride, Esq. and Frederick J. Neroni, Esq. hold no valid interest in the former marital residence of defendant Peter Wlasiuk and decedent Patricia Wlasiuk. Defendant Wlasiuk defaulted on the complaint and offers no opposition to the present motion. Defendant McBride also offers no opposition to the present motion, but rather offers by way of affirmation to discharge his mortgage in return for the payment of the mortgage recording fees by plaintiff. Defendant Neroni opposes the present motion by his affirmation dated March 8, 2004, but did not appear before the court for oral argument on April 2, 2004.
Procedural History/Statement of Facts
The complaint in this action was filed with the Chenango County Clerk on January 2, 2003. Defendant McBride interposed an answer dated January 7, 2003, and defendant Neroni filed an answer and counterclaims dated January 10, 2003. Defendant Wlasiuk did not answer the complaint and is in default.
Defendants McBride and Neroni moved separately to dismiss the causes of action in the complaint which sought to declare invalid any interest they might claim in the Wlasiuk’s former marital residence as a result of a mortgage and a deed, respectively, conveyed to them by defendant Wlasiuk in exchange for their legal services. The court denied those motions by its reserved decision dated June 24, 2003. The full factual background of this case is set forth in that reserved decision, which is incorporated herein by reference.
Relevant Law/Analysis
Analysis of the issue presented by this case — what, if any, interest did defendant Wlasiuk hold in the marital residence following the death of his cotenant by the entirety, decedent Patricia Wlasiuk — begins with the well-settled concept that no person who kills his or her spouse may profit or gain an increased interest in property because of the wrongful act. (Riggs v Palmer, 115 NY 506 [1889]; Matter of Covert, 279 AD2d 48, 49 *1062 [3d Dept 2000], affd 97 NY2d 68 [2001].) However, in the 115 years since Riggs was issued, New York law has not developed a clear answer to this natural question that arises when a spouse holding property as a tenant by the entirety kills the cotenant spouse.
Plaintiff urges, using the Riggs rule as the cornerstone, that defendant Wlasiuk should be found to have forfeited any interest he may have held in the Wlasiuk’s marital residence property held as tenants by the entirety because he cannot be allowed to obtain a benefit from his wrongful act of killing his wife, decedent Patricia Wlasiuk. Several reported cases have stated the rule that a person who slays his or her spouse forfeits any interest that the spouses held in jointly-owned property. (Bierbrauer v Moran, 244 App Div 87 [4th Dept 1935]; Matter of Pikul, 192 AD2d 259 [1st Dept 1993]; Citibank v Goldberg, 178 Misc 2d 287 [Sup Ct, Nassau County 1998].) Underlying these decisions is the theory that permitting the slayer to retain any interest in the property after commission of the wrongful act of slaying the cotenant spouse allows the slayer to gain an accelerated ability to alienate the whole property, which is a right not available while both cotenants survive.
Defendant Neroni argues that, notwithstanding the above-cited decisions, such a result cannot be reached as a matter of law and maintains that defendant Wlasiuk held the commuted value of a life estate in one half of the property. (Matter of Mathew, 270 AD2d 416 [2d Dept 2000]; Community Natl. Bank & Trust Co. of N.Y. v Wisan, 185 AD2d 870 [2d Dept 1992]; Matter of Nicpon, 102 Misc 2d 619 [Sur Ct, Erie County 1980]; Matter of Buscacca, 102 Misc 2d 567 [Sur Ct, Nassau County 1980].) This argument rests on the principle that the individual property interests held by spouses who own property as tenants by the entirety are life estates in the subject property, subject to the right of survivorship of the cotenant spouse. (Reister v Town Bd. of Town of Fleming, 18 NY2d 92, 96 [1966] [Van Voorhis, J., dissenting].)
Because this right was vested in defendant Wlasiuk at the time he wrongfully killed decedent Patricia Wlasiuk, he cannot be made to forfeit this property interest solely on the basis of his wrongful act. (Civil Rights Law § 79-b.) The essence of this argument is best summed up in dicta from the Court of Appeals in the Covert case stating: “The Riggs rule prevents wrongdoers from acquiring a property interest, or otherwise profiting from their wrongdoing. However, we have never applied the *1063 doctrine to cause a wrongdoer’s forfeiture of a vested property interest.” (Matter of Covert, 97 NY2d 68, 74 [2001].)*
Because of this prohibition against forfeitures, it would be improper to apply the legal fiction that defendant Wlasiuk predeceased decedent Patricia Wlasiuk as has been done in past cases where the Riggs principle has been applied. The legal fiction would result in the entire fee interest passing to the estate of decedent Patricia Wlasiuk. While this may appear to yield the most equitable result in light of defendant Wlasiuk’s wrongful act, law supercedes equity here and compels that defendant Wlasiuk cannot be stripped of his vested interest in the property. Thus, defendant Wlasiuk must be found to have possessed an interest in the marital residence equal to the commuted value of a life estate in one half of the property at the time he conveyed mortgages to defendants McBride and Neroni.
Accordingly, for the reasons set forth, plaintiffs motion for summary judgment is denied insofar as the motion seeks to extinguish all of defendant Wlasiuk’s interest in the former marital residence. Pursuant to Real Property Actions and Proceedings Law § 1501, it is hereby determined that at the time of the conveyances to defendants McBride and Neroni, defendant Wlasiuk held an interest in the former marital residence equal to the commuted value of a life estate in one half of the subject property. Upon the filing of a note of issue, an evidentiary hearing shall be held to determine the value of the interests conveyed to defendants McBride and Neroni by defendant Wlasiuk and the corresponding rights of defendants McBride and Neroni to share in the proceeds of an eventual sale of the subject property.

 The Court further noted that Civil Rights Law § 79-b prevents the application of the Riggs rule for the purpose of “effecting a proprietary forfeiture.”