■ In the Matter of JULIE-ANN LOW, Deceased. EVELYN M. CAPASSAKIS et al., Respondents; EDWARD D. BURKE, JR., et al., Appellants. [804 NYS2d 356]—

In a contested probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Suffolk County (Czygier, S.), dated October 4, 2004, which, upon the granting of the petitioners' motion for summary judgment dismissing the objections to so much of the petition as sought to disqualify the Estate of Giulio Romano from receiving any benefit under the subject will, admitted the will to probate.

Ordered that the decree is affirmed, with costs.

The bodies of the decedent Julie-Ann Low (hereinafter the decedent) and her boyfriend Giulio Romano were discovered on February 1, 2003, at the Westhampton home where they resided together. After an investigation, the police determined that Romano killed the decedent and then killed himself. Under terms of the decedent's will, Romano was entitled to receive, among other things, her Westhampton home, as well as its contents. Over the appellants' objections, the petitioners sought to disqualify Romano's estate from benefitting under the decedent's will because he killed her before committing suicide. The petitioners moved for summary judgment, inter alia, dismissing the objections to so much of the petition as sought to disqualify Romano's estate from receiving any benefit under the will. The Surrogate granted the petitioners' motion, and we affirm.

The petitioners satisfied their burden on a motion for summary judgment, making a prima facie showing that Romano killed the decedent, and thus that they were entitled to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Matter of Covert,* 97 NY2d 68, 73-74

[2001]; *Riggs v Palmer*, 115 NY 506, 511 [1889]). In opposition, the appellants' speculative and conclusory allegations suggesting that Romano was not the killer failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). Accordingly, the Surrogate properly granted summary judgment in favor of the petitioners, finding that Romano's estate was disqualified from benefitting under the decedent's will.

Furthermore, contrary to the appellants' contention, Romano did not have a vested property interest in the Westhampton home, as it was owned solely by the decedent (*see Matter of Covert, supra; Matter of Kiejliches*, 292 AD2d 530 [2002]; *Matter of Mathew*, 270 AD2d 416 [2000]). Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur. [*See* 5 Misc 3d 1016(A), 2004 NY Slip Op 51403(U) (2004).]